UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| LISA MICHELLE SAUNDERS,<br><br>                    Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Civil Action No. 3:12–CV–548 |

**<u>MEMORANDUM ORDER</u>**

THIS MATTER is before the Court on *pro se* Plaintiff Lisa Michelle Saunders's response (ECF No. 17) to Magistrate Judge Novak's Report and Recommendation ("R&R")(ECF No. 16) affirming the Social Security Administration's denial of her application for Social Security Disability and Supplemental Security Income payments. The decision by the Commissioner of the Social Security Administration ("Commissioner") to deny Plaintiff benefits was based on a finding by an Administrative Law Judge ("ALJ") that Plaintiff is not disabled according to the Social Security Act. Judge Novak's R&R recommends that Plaintiff's Motion for Summary Judgment (ECF No. 11) be DENIED, Defendant's Motion for Summary Judgment (ECF No. 15) be GRANTED, and that the Commissioner's final decision be AFFIRMED.

Plaintiff filed a response to the R&R on January 23, 2013 (ECF No. 17), which the Court will construe as an objection to the R&R. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(holding that a court must typically construe a *pro se* plaintiff's pleadings liberally). In order to obtain *de novo* review of a magistrate judge's findings, the party objecting to the magistrate judge's recommendation must file *specific* written objections, *see* Fed. R. Civ. P.

1

72(b), and the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1)(C). The objection must therefore be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007), and a generalized objection is not sufficient for *de novo* review. *Id*. at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized").

A "general objection to the entirety of the magistrate's report has the same effects as would a failure to object," *Veney v. Astrue*, 539 F.supp.2d 841, 845 (W.D. Va. 2008)(internal citations omitted), and "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72 (Advisory Committee Notes 1983 Addition Subdivision (b)). Accordingly, when a party files a general objection, the District Court need only review the R&R for clear error on the face of the record. *See Williams v. Astrue*, No. 2:09CV60, 2010 WL 395631, at *3 (E.D. Va. Feb. 2, 2012)(denying *de novo* review where the "[p]laintiff, unsatisfied by the findings and recommendations contained within the Magistrate Judge's report, attempted to seek re-argument and reconsideration of her entire case under the guise of 'objections,'" and failed to object with specificity).

In the present case, Plaintiff's response does not object to the R&R with sufficient specificity, and therefore, she is not entitled to *de novo* review. Plaintiff's response begins:

> The SSA has stated that I shouldn't receive disability benefits due to the following
> (1) I'm overweight
> (2) I have custody of my grandchild whose mother is incarcerated

2

(3) They say that the therapist I go see for depression couldn't tell them if I needed special equipment for my PHYSICAL disabilities
(4) I used a computer to try and take college courses.

(emphasis in original). Plaintiff continues to explain the reasons for her weight issues, her efforts to lose weight, the reasons why she cares for her young granddaughter, and the physical and emotional pain that she suffers from. In essence, Plaintiff expresses her disappointment and disagreement with the SSA's determination that she is not disabled, but Plaintiff does not articulate any specific objection to Judge Novak's findings, or even mention the R&R at all in her response. Accordingly, the Court need not review the R&R *de novo*. Further, upon review of the record, it is evident that the R&R does not contain any clear error on the face of the record.

For these reasons, the Court OVERRULES Plaintiff's objection and ADOPTS Judge Novak's R&R, DENYING Plaintiff's Motion for Summary Judgment (ECF No. 11), GRANTING the Commissioner's Motion for Summary Judgment (ECF No. 15), and AFFIRMING the Commissioner's decision denying benefits to Plaintiff.

Let the Clerk send a copy of this Memorandum Order to Plaintiff, who appears *pro se*, and all counsel of record.

It is SO ORDERED.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this __1st__ day of March 2013.